Evans, J.
There is nothing in the first ground in the brief. If one be sued as executor, and does not deny it in bis plea, the plaintiff is not bound to prove it.
I think it is now well settled, that after a debt is barred, nothing short of an express promise to pay, or a clear and distinct admission of liability, from which a promise may be implied, will suffice. The legal liability in such case is gone, and nothing remains but the moral obligation. Upon this no action can be maintained; but it is a sufficient consideration *367 for a new promise. But until the bar is completed, and whilst the legal liability remains, slight acknowledgments will be sufficient.
In this case, before the expiration of four years, the debt was acknowledged by two, and payment promised by one, of the executors. The statute could not therefore bar, until four years after this new promise and admission, unless there be something in the argument, that the promise or admission, to be binding must be made by all. But before the expiration of that time, one of the executors again promises to pay it. There was no period of time, between these successive promises, when the plaintiff’s cause of action was barred. This case differs from Briggs vs. Stark and Pearse vs. Zimmerman, in this only — in those cases there was but one promise — in this, the promises are successive; a circumstance which I apprehend cannot vary the .case. The principal of all the cases seems to be, that the debt is not barred where there has been a sufficient promise to pay within four years before the commencement of the action. The case of Briggs vs. Stark and others, was an action against the defendants as executors. They pleaded the statute, and on the trial it was proved one of the executors had promised within four years; this was held sufficient, and in the opinion of the Court the promise of one executor is put on the same ground as the promise of the joint makers of a note. I am therefore of opinion, the plaintiff is entitled to recover on these counts which charge them on the promises of the testator. This renders it unnecessary to discuss the other question, whether in a case where the debt was barred at the time of the subsequent promise, the promise of one executor will bind the others. I have looked into the English cases, and find that the subject has been much discussed and is still unsettled, The cases will be found in Doug. Whitcomb vs. Whiting, 21 Eng. Com. Law Rep. 478; Tullock vs. Dunn, 9 Eng. Com. Law Rep. 413; Perham vs. Raynal, 9 Eng. Com. Law Rep. 12; Atkins vs. Thredgold.
The motion is dismissed.